# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**CLINTON TACKITT,**<br>[DOB: 12/20/1973],<br><br>Defendant. | No.<br><br>**COUNT 1:**<br>18 U.S.C. § 1014<br>NMT 30 Years Imprisonment<br>NMT $1,000,000 fine<br>NMT 5 Years Supervised Release<br>Class B Felony<br>Mandatory Restitution<br><br>**COUNT 2:**<br>26 U.S.C. § 7202<br>NMT 5 Years Imprisonment<br>NMT $10,000 Fine<br>NMT 3 Years Supervised Release<br>Class D Felony<br><br>**FORFEITURE ALLEGATION**<br>18 U.S.C. § 981(a)(1)(C)<br><br>$100 Special Assessment (Each Count) |

## INFORMATION

**THE UNITED STATES ATTORNEY CHARGES**:

### COUNT 1
(18 U.S.C. § 1014 – False Statement/Report on Loan Application)

On or about May 9, 2012, said date being approximate, in Greene County, within the Western District of Missouri, and elsewhere, the defendant, **CLINTON TACKITT**, did knowingly make a material false statement and report for the purpose of influencing the action of the Small Business Administration to insure a loan then funded by Guaranty Bank, which was a financial institution that at the time of this incident was insured by the

Federal Deposit Insurance Corporation (FDIC), in connection with the submission of a "SBA 7A Loan." All in violation of Title 18, United States Code, Section 1014.

## COUNT 2
(26 U.S.C. § 7202 – Willful Failure to Pay Over Taxes)

That on or about December 17, 2012, in Greene County, within the Western District of Missouri, and elsewhere, the defendant, **CLINTON TACKITT**, who was a resident of Springfield, Missouri, who operated the Allied Roofing Systems, L.L.C., with its principal place of business in Springfield, Missouri, and who, during the third quarter of the year 2012, ending September 30, 2012, deducted and collected from the total taxable wages of the employees federal income taxes and Federal Insurance Contributions Act taxes in the sum of $119,107.27, did willfully fail to truthfully account for and pay over to the Internal Revenue Service said federal income taxes withheld and Federal Insurance Contributions Act taxes due and owing to the United States of America for the said quarter ending September 30, 2012. All in violation of Title 26, United States Code, Section 7202.

## **FORFEITURE ALLEGATION**

The allegations of Counts 1 and 2 in this information are hereby repeated and re-alleged as if fully set forth herein for the purpose of alleging forfeiture to the United States pursuant to the provision of Title 18, United States Code, Sections 982(a)(2)(A).

The property, real and personal, of defendant **CLINTON TACKITT**, obtained, directly or indirectly, as a result of the violation of law set out in Counts 1 and 2 of this information and which constitutes, is derived from, and is traceable to the proceeds obtained directly or indirectly from the criminal conduct alleged in Counts 1 and 2 of this

information, is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A).

Specifically, subject to forfeiture is property valued at **$1,324,878.71** in United States Currency, in that such sum in the aggregate constitutes the proceeds, the defendant obtained directly from the commission of the offenses alleged in Counts 1 and 2.

If any of the property described in the above paragraph, as a result of any act or omission of the defendant,

    (A)    cannot be located upon the exercise of due diligence;

    (B)    has been transferred to, sold to, or deposited with a third person;

    (C)    has been placed beyond the jurisdiction of the Court;

    (D)    has been substantially diminished in value; and/or

    (E)    has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), which is incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the

defendant up to the value of the property described in paragraph 4 above, or elsewhere, as being subject to forfeiture.

                                              Thomas M. Larson
                                              Acting United States Attorney

                       By  /s/ Patrick A.N. Carney
                                              Patrick A.N. Carney
                                              Assistant United States Attorney

DATED: 4/19/2017
Springfield, Missouri

4